SUBJECT TO A PROTECTIVE ORDER



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

ZA

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

September 30, 2013

By HAND and ECF

Lisa Hoyes, Esq.

          Re:  United States v. Lawal Babafemi
               Criminal Docket No. 13-109 (JG)

Dear Counsel:

          Pursuant to Rule 16 of the Federal Rules of Criminal
Procedure, please find enclosed with this letter discovery in the
above-referenced matter, bates numbered 1 through 66.  This
letter and all of the discovery referenced herein or attached
hereto is subject to the unclassified protective order entered in
this case.  Please also consider this letter to be the
government's request for reciprocal discovery.

The Government's Discovery

     1.   Statements of the Defendant

          Enclosed please find a CD containing recordings of
interviews the defendant conducted in January 2012; draft
transcripts of those recordings subject to the Draft
Transcript Stipulation entered by the parties September 30,
2013; and handwritten statements by the defendant.

     2.   Prior Criminal History

          The government is aware of no criminal history for
your client in the United States, however, we are awaiting
the results of criminal history checks being conducted
overseas and will notify you of information obtained as a
result of that process.

SUBJECT TO A PROTECTIVE ORDER

3.    Reports of Examinations and Tests

The government will also provide you with copies of reports of examinations or tests conducted in connection with this case as they become available.

4.    Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) by notifying you in a timely fashion of any expert the government intends to call at trial and by providing you with the expert's credentials and a summary of the expert's opinion.

Presently, the government intends to call an expert to testify at trial regarding the designated foreign terrorist organization, al-Qaeda in the Arabian Peninsula. Additional details regarding that testimony will be forthcoming.

6.    Brady Materials

The government is aware of and will comply with its obligation to produce exculpatory material or information within the scope of Brady v. Maryland, 373 U.S. 83 (1963) and its progeny.

Before trial, the government will furnish information or material regarding payment, promises, immunity, leniency or preferential treatment, if any, given to prospective government witnesses within the scope of Giglio v. United States, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959).  The government will furnish before trial information or material regarding any prior convictions of any co-conspirator, accomplice or informant who may be testifying at trial for the government.

The government will also furnish before trial materials discoverable pursuant to Title 18, United States Code, and Section 3500.

The Defendant's Discovery

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.  The government requests that the defendant allow

SUBJECT TO A PROTECTIVE ORDER

inspection and copying of (1) any books, papers, documents, photographs, tapes, tangible objects, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results of reports or physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession, custody, or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid any unnecessary delay, we request that you have copies of these statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony the defendant intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for those opinions, and the witnesses' qualifications.

Please be advised that, at the appropriate time, we shall request that you produce all statements of defense witnesses pursuant to Rule 26.2. In order to avoid any unnecessary delays, we request that you have copies of these statements available for production to the government prior to the commencement of trial.

Pursuant to Rule 12.1(a), the government hereby demands written notice, to be served within ten days of this demand, if the defendant intends to offer a defense of alibi. The written notice shall state the specific place or places at which the defendant claims to have been at the time of the alleged offenses, and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi. The offenses took place at the location, dates, and times specified in the Complaint and Indictment.

Pursuant to Rule 12.2(a), the government hereby demands written notice of the defendant's intention, if any, to assert a defense of insanity. Pursuant to Rule 12.2(b),

SUBJECT TO A PROTECTIVE ORDER

the government hereby demands notice of the defendant's intention, if any, to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

If you have any questions or further requests, please do not hesitate to contact me.

Very truly yours,

LORETTA E. LYNCH
United States Attorney

By:     _____/s/_____
        Zainab Ahmad
        Assistant United States Attorney
        (718) 254-6522

Enclosures

cc:  Clerk of Court (JG) (w/o enc.)