UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X

UNITED STATES OF AMERICA            :        **13 CR 109 (JG)**

        - v. -                      :

**LAWAL BABAFEMI,**                 :

                Defendant           :

--------------------------------X


**MEMORANDUM OF LAW OPPOSING GOVERNMENT'S REQUEST TO FILE CIPA
SECTION 4 APPLICATION IN CAMERA AND EX PARTE**



                            **LISA HOYES, ESQ.**
                            **CHASE SCOLNICK, ESQ.**
                            Federal Defenders of New York
                            Attorneys for Defendant
                            **LAWAL BABAFEMI**
                            1 Pierrepont Plaza, 16th Floor
                            Brooklyn, NY 11201
                            (718) 330-1253



TO:  **LORETTA E. LYNCH, ESQ.**
     United States Attorney
     Eastern District of New York
     271 Cadman Plaza East
     Brooklyn, New York 11201
     Attn:    **ZAINAB AHMAD**
              **WILLIAM M. NARUS**
              **HILARY LEY JAGER**
              Assistant United States Attorneys

**INTRODUCTION**

Lawal Babafemi opposes the government's request to file its Classified Information Procedures Act ("CIPA") § 4 submission in camera and ex parte, and moves to compel disclosure thereof to cleared defense counsel.  In the alternative, it is respectfully submitted that the Court should (a) require the government to disclose its legal arguments in support of its § 4 application to cleared defense counsel; and/or (b) provide defense counsel an opportunity to present to the Court, ex parte, information that will assist the Court in evaluating the government's § 4 submission, and whether it includes discoverable material that is helpful to the defense.

**ARGUMENT**

**A.   The Principles Governing CIPA § 4**

Section 4 of CIPA permits the government to delete, summarize, or substitute specified items of classified information before providing the items in discovery, but only "upon a sufficient showing" that full production would pose a reasonable danger to national security.  18 U.S.C.app.3 §4.  See also United States v. Abu-Jihaad, 630 F.3d 102, 141 (2d Cir. 2010) (the "state secrets" privilege to withhold information applies under CIPA § 4 only if "there is a reasonable danger that compulsion of the evidence will expose . . . matters which, in the interest of national security, should not be divulged").

2

In that context, the Second Circuit has developed a three-part test for evaluating a government application to delete, summarize, or substitute classified information pursuant to § 4.[1] See United States v. Aref, 533 F.3d 72, 80 (2d Cir. 2008).

1. **Determining Whether the Material or Information Is Discoverable**

The first step is determining whether the material is discoverable.  CIPA was not intended to, and does not, change the government's discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963), or the Federal Rules of Criminal Procedure.  See, e.g., United States v. Libby, 429 F.Supp.2d 1, 7 (D.D.C. 2006) ("[CIPA] creates no new rights or limits on discovery of a specific area of classified information . . . [,] it contemplates an application of the general law of discovery in criminal cases to the classified information based on the sensitive nature of the classified information"), quoting United States v. Yunis, 867 F.2d 617, 621 (D.C. Cir. 1989).  Nor does CIPA alter the Federal Rules of Evidence.  Rather, the purpose of CIPA is to protect sensitive national security information, not to impede a

---

[1]"Classified information" is defined as "information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security."  18 U.S.C. app. 3 §(a).  Classification may be established by the affidavit of a government official, as long as the affidavit "adequately describes the reasons for the information's classification and the harm that would result from disclosure."  United States v. Juma Khan, 2010 WL 330241, at *1 (S.D.N.Y. Jan. 20, 2010).

defendant's fair trial rights.  See United States v. Stewart, 590 F.3d 93, 130 (2d Cir. 2009); Aref, 533 F.3d at 80 (government's privilege under CIPA "must give way" when classified information is helpful or material to the defense).  In fact, in enacting CIPA, Congress warned that "the defendant should not stand in a worse position, because of the fact that classified information is involved, than he would without the Act."  S. Rep. No. 96-823, at 9 (1980).

### 2.   Determining Whether the State-Secrets Privilege Applies

Where classified information is discoverable, the third step involves deciding whether the state-secrets privilege applies because:  (1) exposure of the evidence would present a "reasonable danger" to national security; and (2) the privilege has been "lodged by the head of the department which has control over the matter, after actual personal consideration by that officer."  Aref, 533 F.3d at 80 (citation and internal quotation marks omitted).

### 3.   Determining Whether the Information Is Helpful or Material to the Defense

If the Court decides the state-secrets privilege applies, the final step is to determine whether the information is "helpful or material" to the defense, meaning it would be "useful to counter the government's case or to bolster a defense."  Id. (citation and internal quotation marks omitted).  In Aref, the Second Circuit explained that "to be helpful or material to

4

the defense, evidence need not rise to the level that would trigger the Government's obligation under Brady v. Maryland, to disclose exculpatory information." Id. Rather, "[i]nformation can be helpful without being 'favorable' in the Brady sense." Id. (citations and internal quotation marks omitted).

Thus, when information may be helpful or material to the defense, the classified material or information must be provided, but the Court may permit the government to make appropriate deletions or substitutions. 18 U.S.C. App. 3 §4.

Section 4 authorizes a court to accept government pleadings -- and by implication to conduct the entire three-step analysis set forth above -- ex parte. 18 U.S.C. App. 3 §4. In recent years ex parte filings have become routine in this context, however, because § 4 states only that "[t]he court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone[,]" id. (emphasis added), there exists no categorical impediment to disclosure or adversary proceedings. Nothing in the statute permits the government to make such ex parte submissions as a matter of right. Rather, the use of the permissive "may" in the plain text of CIPA § 4, rather than the mandatory "shall," clearly grants the Court discretion to order disclosure of the government's § 4 submission to cleared defense counsel.

**B.    The Court Should Deny the Government's Request for Ex Parte Treatment of Its § 4 Application**

As a result of the foregoing analysis, rooted in the Fifth Amendment's Due Process Clause, coupled with the discussion below, we respectfully submit that the government should not be permitted to file its § 4 application <u>ex</u> <u>parte</u>.  In addition to the discretion § 4 explicitly vests in the Court -- discretion that is meaningless if exercised only in one direction -- the traditions of and experience in the adversary system justify requiring disclosure of the § 4 application to cleared defense counsel.

**1. <u>Ex</u> <u>parte</u> Proceedings Are Exceedingly Disfavored**

As a threshold matter, <u>ex</u> <u>parte</u> proceedings are exceedingly disfavored.  As the Sixth Circuit has cautioned, "[d]emocracies die behind closed doors."  <u>Detroit Free Press v. Ashcroft</u>, 303 F.3d 681, 683 (6th Cir. 2002).  As the Ninth Circuit has observed, "ex parte proceedings are anathema in our system of justice." <u>Guenther v. Commissioner of Internal Revenue</u>, 889 F.2d 882, 884 (9th Cir. 1989), <u>appeal after remand</u>, 939 F.2d 758 (9th Cir. 1991).

By their very nature, <u>ex</u> <u>parte</u> proceedings impair the integrity of the adversary process and the criminal justice system.  As the Supreme Court has recognized, "'[f]airness can rarely be obtained by secret, one-sided determination of facts decisive of rights . . . . No better instrument has been devised

for arriving at truth than to give a person in jeopardy of serious loss notice of the case against him and opportunity to meet it.'" United States v. James Daniel Good Real Prop., 510 U.S. 43, 55 (1993) (in absence of exigent circumstances, due process clause requires government to provide notice and meaningful opportunity to be heard before seizing real property subject to civil forfeiture), quoting Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 170-72 (1951) (Frankfurter, J., concurring). See also United States v. Abuhamra, 389 F.3d 309 (2d Cir. 2004) (emphasizing the importance of open, adversary proceedings in bail hearings). To protect the fundamental fairness and integrity of our system of justice, absent "the rarest of circumstances," ex parte proceedings are strongly disfavored. United States v. Libby, 429 F.Supp. 2d 18, 21 (D.D.C. April 5, 2006).

### 2. Cleared Defense Counsel are in the Best Position to Evaluate the Materiality of the Evidence

Given defense counsels' security clearance,[2] the government cannot plausibly contend that sharing its § 4 submission under the protections of a CIPA protective order would endanger national security. There is no distinction between the type of clearance granted to defense counsel and to judicial personnel or even prosecutors generally. Indeed, cleared defense counsel

---

[2]Both Mr. Scolnick and I have interim top secret security clearances.

regularly review extremely sensitive classified information (via CIPA discovery) in the context of national security cases. Barring cleared defense counsel from participating in discovery determinations compromises the adversary process without any commensurate benefit to national security.

Without access to either the classified evidence or the government's arguments for non-production, defense counsel will not be able to present any competent challenge to the government's position and the defendant will thus be deprived of his right to counsel at this stage.  If defense counsel is prohibited from participating in the process of evaluating the material and crafting substitutions, the defendant cannot be said to be in the same position as he would be if the case did not involve classified information.  See S.Rep.No. 96-823, at 9 (1980).

Defense counsel, not the Court, are in the best position to appreciate the usefulness of classified material, particularly at this phase of the case, where the relevance, materiality, or exculpatory nature of evidence is not readily apparent except to those with intimate knowledge of the factual details as well as the full scope of discovery.  Thus, adherence to the adversary process would have considerable salutary effects on the accuracy of decision-making in this instance.

We submit that it would be impossible for the Court to make

the appropriate determination regarding the government's motion to preclude production of material absent a meaningful and substantive contribution from defense counsel.  Such contribution cannot occur if the government's entire application is ex parte.

In United States v. Marzook, 412 F. Supp.2d 913 (N.D. Ill. 2006), in deciding whether to close a hearing to the public because of potential classified information, the District Court explained that

> [i]t is a matter of conjecture whether the court performs any real judicial function when it reviews classified documents in camera.  Without the illumination provided by adversarial challenge and with no expertness in the field of national security, the court has no basis on which to test the accuracy of the government's claims.

Id., at 921 (internal citation and quotation omitted).

The Court, which has not had an opportunity to review the discovery, consult with the defense, or otherwise investigate the facts of this case, cannot be expected to surmise the factual nuances of the defense.  As the Supreme Court has recognized, "[i]n our adversary system, it is enough for judges to judge.  The determination of what may be useful to the defense can properly and effectively be made only by an advocate."  Dennis v. United States, 384 U.S. 855, 875 (1966).

Accordingly, it is respectfully submitted that the government should not be permitted to file its § 4 application ex parte, and that it should instead be disclosed to cleared defense counsel.

**C.   In the Alternative, the Government Should Be Compelled to Disclose to Cleared Defense Counsel Its Legal Arguments In Support of Its § 4 Application**

If the Court accepts the government's § 4 application ex parte, it is respectfully requested that at least the government's legal arguments in support of its application be disclosed to cleared counsel (under an appropriate protective order, if necessary), thereby enabling defense counsel to present a meaningful argument in opposition.

Such practice is not inconsistent with the Second Circuit's opinion in Abu-Jihaad.  While in that case the Court noted that "where the government moves to withhold classified information from the defense, an adversarial hearing with defense knowledge would defeat the very purpose of the discovery rules[,]" 630 F.3d at 142, citing Aref, 533 F.3d at 81 (internal quotation marks omitted), the Court nevertheless acknowledged that trial judges retain discretion to reject ex parte filings under § 4.  Indeed, in Abu-Jihaad the Court characterized the defense's opposition as a "challenge to the district court's exercise of discretion to proceed ex parte," and reviewed the District Court's decision to accept an ex parte filing under an abuse of discretion standard. Id.

**D.   Defense Counsel Should Be Permitted to Make an Ex Parte Presentation to the Court Regarding How Classified Material May Be Helpful and Material to the Defense**

If the § 4 application is not disclosed to defense counsel,

10

it is respectfully requested that defense counsel, in order to assist the Court in making its § 4 determination(s), be permitted an in camera and ex parte opportunity to present to the Court reasons why categories of potentially classified evidence may be relevant, material, and/or helpful to the defense in this case. See, e.g., United States v. Mostafa, No. 4 CR 356 (KBF), 2014 WL 216473, at *3 (S.D.N.Y. Jan. 17, 2014) (granting ex parte meetings for both parties in order to discuss theories of defense and prosecution); United States v. Shehadeh, 857 F.Supp.2d 290, 293 (E.D.N.Y. 2012) (granting an ex parte meeting with defense counsel to "glean insight into defense strategy"); United States v. Libby, 429 F.Supp.2d 18, 26 (D.D.C. 2006), amended by 429 F.Supp.2d 46 (D.D.C. 2006) (allowing the defendant to submit an ex parte affidavit detailing the defense);.

Counsel is aware of this Court's opinion in United States v. Zazi, No. 10-CR-60 (JG), 2011 WL 2532903, at *3 (E.D.N.Y. June 24, 2011) where defense counsel's request for this type of ex parte submission was denied. In Zazi, however, Your Honor reasoned that such a submission was unnecessary because "the basic contours of both the underlying plot and Zazi's alleged obstruction have been well established." Id. The same cannot be said in Mr. Babafemi's case, where the only information available to the Court at this stage in the proceedings is a bare-bones indictment and a brief recitation of facts provided at the

11

arraignment.

**<u>CONCLUSION</u>**

Accordingly, for the foregoing reasons, the defendant respectfully requests that the Court grant the above motions in their entirety.


Dated:     January 31, 2014
           Brooklyn, New York


                                        _____/s/_____
                                        Lisa Hoyes, Esq
                                        Chase Scolnick
                                        Asst. Federal Defenders