ZA/HLJ/WMN
F.#2011R01655

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA                    MEMORANDUM OF LAW

    - against -                             13-CR-109 (JG)

LAWAL OLANIYI BABAFEMI,

        Defendant.

- - - - - - - - - - - - - - - - -X


MEMORANDUM OF LAW IN SUPPORT OF
REQUEST TO FILE AN EX PARTE, IN CAMERA
MOTION PURSUANT TO SECTION FOUR OF
THE CLASSIFIED INFORMATION PROCEDURES ACT


                                    LORETTA E. LYNCH
                                    United States Attorney
                                    Eastern District of New York

AUSA Zainab Ahmad
AUSA Hilary Ley Jager

(Of Counsel)

**PRELIMINARY STATEMENT**

The government respectfully submits this memorandum of law in response to the defendant's objections to its filing of an ex parte, in camera motion pursuant to Section 4 of the Classified Information Procedures Act, 18 U.S.C. App. 3 ("CIPA"). For the reasons set forth below, the government requests that the Court grant its request to file its Section 4 motion ex parte and in camera, as expressly permitted by CIPA and the Federal Rules of Criminal Procedure, and that the Court deny the defendant's alternative request to compel the government to disclose the legal arguments provided in support of that ex parte motion to the defense. The government has no objection to the defense's request to submit, on an ex parte basis, information that it believes will assist the Court in evaluating the government's Section 4 motion, should the Court find such a submission helpful.

**DISCUSSION**

I.  The Legal Standard

Section 4 of CIPA provides, in pertinent part, that "[t]he court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting the relevant facts that classified information would tend to prove."  18 U.S.C. App. 3, § 4.

Section 4 further provides that the United States may demonstrate that the use of such alternatives is warranted through an in camera, ex parte submission to the Court:

> The court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone.  If the court enters an order granting relief following such an ex parte showing, the entire text of the statement of the United States shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal.

Id.; see United States v. Yunis, 867 F.2d 617, 622-23 (D.C. Cir. 1989); United States v. Sarkissian, 841 F.2d 959, 965 (9th Cir. 1988); United States v. Pringle, 751 F.2d 419, 427 (1st Cir. 1984).  CIPA's legislative history makes clear that the Court may take national security interests into account in determining whether to permit discovery to be denied, restricted or deferred.  S. Rep. No. 96-823,

at 6, reprinted in 1980 U.S.C.C.A.N. 4294, 4299-4300 (1980); United States v. Smith, 780 F.2d 1102, 1110 (4th Cir. 1985) (holding that defendant's right to discovery must be balanced against public's interest in non-disclosure); Pringle, 751 F.2d at 427.

      Similarly, Rule 16(d)(1) of the Federal Rules of Criminal Procedure allows a district court to "permit a party to show good cause by a written statement that the court will inspect ex parte" seeking the entry of a protective order "deny[ing], restrict[ing], or defer[ring] discovery or inspection." Fed. R. Crim. P. 16(d)(1). "The Advisory Committee notes to Rule 16 make clear that 'good cause' includes 'the protection of information vital national to security.'" United States v. Aref, 533 F.3d 72, 78 (2d Cir. 2008) (quoting Fed. R. Crim. P. 16 advisory committee's note to 1966 amendment). Thus, Rule 16(d)(1) provides an independent basis for the Court to permit the ex parte filing of an application for a protective order governing classified discovery upon a showing that said filing promotes "the protection of information vital to the national security." Id.

      Courts have consistently held that in camera, ex parte submissions to a district court in matters involving national security are proper. See, e.g., United States v. Abu-Jihaad, 630 F.3d 102, 143 (2d Cir. 2010); United States v. Mejia, 448 F.3d 436, 455 (D.C. Cir. 2006); United State v. Gurolla, 333 F.3d 944, 951 (9th Cir. 2003); Pringle, 751 F.2d at 427.

4

II. <u>Argument</u>

    A. <u>The Government Should be Permitted to File its CIPA Section Four Motion *Ex Parte*</u>

The defense correctly notes that CIPA permits, rather than requires, the Court to allow the government to submit its Section 4 application <u>ex parte</u>. 18 U.S.C. App. 3, § 4. As this Court has previously observed, however, the Second Circuit Court of Appeals has affirmed "<u>ex parte</u> consideration of CIPA motions as the rule." <u>United States v. Zazi</u>, No. 10-CR-60 (JG), 2011 WL 2532903, *2 (E.D.N.Y. June 24, 2011). Specifically, the Circuit has "recognized that where the government moves to withhold classified information from the defense, 'an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules.'" <u>Abu-Jihaad</u>, 630 F.3d at 143 (quoting <u>Aref</u>, 533 F.3d at 81). "The right that [CIPA] section four confers on the government would be illusory if defense counsel were allowed to participate in section four proceedings because defense counsel would be able to see the information that the government asks the district court to keep from defense counsel's view." <u>United States v. Campa</u>, 529 F.3d 980, 995 (11th Cir. 2008); <u>United States v. Sarkissian</u>, 841 F.2d 959, 965 (9th Cir. 1988)(holding that where "the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules" (quoting H.R. Rep. No. 96-831, 96th Cong., 2d Sess., at 27 n.22 (1980)).

5

It is for these reasons that the federal courts have universally and uniformly upheld the use of ex parte filings and in camera proceedings in CIPA Section 4 applications.  See, e.g., Abu-Jihaad, 630 F.3d at 143; United States v. Stewart, 590 F.3d 93, 132-33 (2d Cir. 2009) (rejecting claim that district court erred in reviewing CIPA materials ex parte and in camera); Aref, 533 F.3d at 81 (same); Campa, 529 F.3d at 995 (same); United States v. Hanna, 661 F.3d 271, 294 (6th Cir. 2011) (same); United States v. O'Hara, 301 F.3d 463, 569 (7th Cir. 2002) (same); United States v. Klimavicius-Viloria, 144 F.3d 1249, 1261 (9th Cir. 1998) (same); United States v. Rezaq,  134 F.3d 1121, 1143 (D.C. Cir. 1998) (same); United States v. Yunis, 867 F.2d 617, 620 (D.C. Cir. 1989) (same); Sarkissian, 841 F.2d at 965 (same). The government is aware of no instance in which a court has denied the United States permission to file its CIPA Section 4 application ex parte.

While the defense accurately states the general rule that "ex parte hearings are generally disfavored," the fact remains that in cases involving classified documents whose disclosure potentially puts at risk the national security, the courts have uniformly found that an exception to the general rule is merited.  See, e.g., Klimavicius-Viloria, 144 F.3d at 1261 ("Ex parte hearings are generally disfavored.  In a case involving classified documents, however, ex parte in camera hearings in which government counsel participates to the exclusion of defense counsel are part of the

6

process that the district court may use to decide the relevancy of the information." (internal citation and quotations omitted)). The defendant presents no authority to the contrary: the vast majority of the cases he cites in support of the proposition that ex parte proceedings are generally disfavored do not involve classified discovery or CIPA proceedings. Def. Br. at 6-7. The only CIPA case he cites, United States v. Libby – while acknowledging the general proposition quoted by the defendant regarding ex parte proceedings being allowed only in the "rarest of circumstances," Def. Br. at 7, – holds that three exceptions to that rule exist, including (1) when the government has properly invoked the state secrets privilege, and (2) when a statute expressly provides for ex parte proceedings, both of which are applicable in this case. United States v. Libby, 429 F. Supp. 2d 18, 20-21 (D.D.C. 2006).

Defense counsel's security clearances do not change the analysis outlined above. Possession of a security clearance neither "mandate[s] an adversary hearing [nor] access to immaterial classified information for which counsel has no legitimate need." Zazi, 2011 WL 2532903, *3. Classified information may be disclosed only to individuals who both possess the requisite clearance and have a "need to know" the information at issue. See Executive Order 13526, §§ 4.1(a) and 6.1(dd) (requiring that a "need to know" determination be made prior to the disclosure of classified information to anyone, including those who possess a security clearance); see generally

United States v. Ott, 827 F.2d 473, 477 (9th Cir. 1987) (noting, in Foreign Intelligence Surveillance Act context, that "[w]e reject the notion that a defendant's due process right to disclosure of [classified] materials turns on the qualifications of his counsel"). Cleared counsel do not have a need to know the classified information submitted to the Court in connection with the government's CIPA Section 4 motion unless the Court rules that the classified information is discoverable. The entire purpose of the ex parte CIPA Section 4 proceedings is to allow the Court to make that determination – and thus, determine whether defense counsel has a need to know the classified information at issue – and therefore to hold that the proceedings themselves provide defense counsel with the need-to-know is a form of bootstrapping that would negate the very purpose of CIPA Section 4. As the district court noted in Abu-Jihaad:

> [T]he purpose of the Government's [CIPA Section 4] Motion is to permit this Court to determine whether the classified information in question is discoverable at all. See United States v. Libby, 429 F. Supp. 2d 46, 47 (D.D.C. 2006) (holding that CIPA § 4 allows the Government to ask the Court to determine that classified information need not be produced at all). If the Court were to conclude that some or all of the information is discoverable, the Government would then need to decide . . . whether to produce the information to defense counsel subject to appropriate security clearance, [or] seek alternate relief under CIPA . . . . If, on the other hand, the Court decides that the information is not discoverable at all, Defendant is not entitled to production of the information, regardless whether his counsel is willing to submit to security clearance procedures. Furthermore, "[i]f the court enters an order granting relief [to the Government] following such an ex parte showing, the entire text of the [information] shall be sealed and preserved in the records of the court to be made available to the appellate court in the event

8

>     or an appeal." 18 U.S.C. App. III § 4. . . . Therefore,
>     [the d]efendant's appeal rights will be fully protected
>     even if the Court were to grant the Government's Motion.

United States v. Abu-Jihaad, No. 3:07 CR 57 (MRK), 2007 WL 2972623, *2 (D. Conn. Oct. 11, 2007) (affirmed Abu-Jihaad, 630 F.3d at 143) (emphasis added).

        The defense further argues that the fact that they are not being provided access to non-discoverable information in this case (i.e., classified information which the Court finds that defense counsel do not have a need to know) puts the defendant in a worse position than "he would be if the case did not involve classified information." Def. Br. at 8. That argument does not withstand scrutiny, however, because defense attorneys in cases not involving classified information are not permitted access to non-discoverable information to any greater extent than defense attorneys in cases involving classified information. The Federal Rules of Criminal Procedure generally vest in the prosecutor solely the authority to determine whether information in the government's possession is rendered discoverable pursuant its provisions. Fed. R. Crim. P. 16(a). As such, defense counsel have no greater access to non-discoverable information in cases governed solely by Rule 16 than they do in cases subject additionally to CIPA. In fact, CIPA provides the defendant with the added protection, not required by Rule 16 alone, of district court review of a

9

prosecutor's discovery determinations. Arguably, therefore, the defense is provided with greater assurance that information not being disclosed to it by the government is non-discoverable in instances where that information is classified because, in such instances, the relevant determination is made by the court (with the prosecutor's input) rather than the prosecutor alone.

Defense counsel contend, however, that they, "not the Court, are in the best position to appreciate the usefulness of the classified material." Def. Br. at 8. Whether or not that is the case, neither the Due Process Clause of the Fifth Amendment nor the right to the effective assistance of counsel guaranteed by the Sixth Amendment – both cited by the defense in support of their argument – have ever been held to require that defense counsel be allowed to provide input into discovery determinations made by the prosecution or the court. See, e.g., Pennsylvania v. Ritchie, 480 U.S. 39, 59 (1987) ("Although the eye of an advocate may be helpful to a defendant in ferreting out information, this Court has never held --- even in the absence of a statute restricting disclosure --- that a defendant alone may make the determination as to the materiality of the information. Settled practice is to the contrary." (internal citations omitted)); Weatherford v. Bursey, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case, and Brady did not create one."). To the

contrary, there are various statutorily and court-approved instances – of which CIPA is of course one -- whereby discovery determinations requiring judicial imprimatur are made without the provision of input by the defense. For example, the Jencks Act provides that if there is a question as to whether or not a statement potentially covered by the Act sufficiently relates to the subject matter of a witness's testimony to be rendered discoverable pursuant to the Act, the government should "deliver such statement for the inspection of the court in camera" and the court shall rule on its discoverability. 18 U.S.C. 3500(c). The procedure prescribed does not allow any opportunity for defense counsel to view the statement or provide the Court with their views as to its discoverability. Similarly, the federal courts have held on numerous occasions that the rule established in Brady v. Maryland does not endow a defendant with the right to inspect all evidence which is only potentially, and not actually, exculpatory, nor with the right to assess such evidence's materiality him or herself. See, e.g., Ritchie, 480 U.S. at 59-61 (holding that while the procedure might deny a defendant "the benefits of an 'advocate's eye,'" a defendant's right to "a fair trial can be protected fully by requiring that [the potentially exculpatory materials] be submitted only to the trial court for in camera review"); United States v. Wolfson, 55 F.3d at 60 (2d Cir. 1995) ("A defendant's Brady request for

11

discovery of exculpatory materials . . . does not give the defendant the right to compel the disclosure of documents that are not material for those purposes; nor does it give the defendant the right to assess materiality himself.  <u>To the extent there is a question as to the relevance or materiality of a given group of documents, the documents are normally submitted to the court for *in camera* review</u>." (emphasis added)).

In light of the foregoing, the defendant's claim that "it would be impossible for the Court to make the appropriate determination regarding the government's motion to preclude production of material absent a meaningful and substantive contribution from defense counsel," is untethered to the law and the Constitution.  For the reasons stated above, the Court should therefore permit the government to file its CIPA Section 4 Motion <u>ex parte</u> for <u>in camera</u> review and discussion.

    B.    <u>The Government Should Not be Compelled to Disclose The Legal Arguments Made in its *Ex Parte* Section Four Motion to the Defense</u>

Should the Court grant the government permission to file its CIPA Section 4 motion <u>ex parte</u>, the defense requests, in the alternative, that the government nonetheless be required to disclose the "legal arguments in support of its application" to defense counsel.  Def. Br. at 10.  Because the legal arguments made in support of the government's Section 4 motion are inextricably intertwined with the discussion of the classified information that the motion

seeks to protect, disclosure of those arguments would raise concerns identical to those implicated in the disclosure of the classified information to which said arguments relate, and therefore should not be required for the reasons described in the Part II.A above.

The nature of the legal inquiry which the Court is required to conduct pursuant to CIPA Section 4 necessitates that the legal arguments made in support of such a motion be closely tethered to the classified facts and the national security consequences of said facts' disclosure. That inquiry requires the Court to "first decide whether the classified information the Government possesses is discoverable"; next "determine whether the state-secrets privilege applies because: (1) there is a reasonable danger that compulsion of the evidence will expose matters which, in the interest of national security, should not be divulged, and (2) the privilege is lodged by the head of the department which has control over the matter,"; and, finally, "[i]f the evidence is discoverable but the information is privileged, . . . decide whether the information is helpful or material to the defense." Aref, 533 F.3d at 79-80 (internal quotations, citations and alterations omitted). Because the Court is required to balance the defendant's need for the materials against the impact that the disclosure of classified information would have on national security, the legal arguments made by the government to the Court will necessarily make repeated reference to the classified information, the potential impact of its disclosure on national

security and, in some cases, the sensitive intelligence sources and methods by which the classified information was obtained. Given the interrelatedness of the classified materials and legal arguments in CIPA Section 4 proceedings, this Court has previously held, in the context of a Section 4 motion, that "deleting all references to non-discoverable classified information would make the government's submission incoherent and, thus, functionally useless to defense counsel." Zazi, 2011 WL 2532903, *2 n.4. The government fully expects that the same will hold true of the Section 4 motion it intends to file in this case.

For these reasons, the Court should not require the government to disclose the legal arguments made in support of its CIPA Section 4 motion to the defense.

    C.    The Government Has No Objection to the Defense Submitting an *Ex Parte* Brief Regarding the Potential Relevance and Helpfulness of Classified Materials

Lastly, the defense requests from the Court permission to file an ex parte brief outlining "why categories of potentially classified evidence may be relevant, material, and/or helpful to the defense in this case." Def. Br. at 11. While the government believes the Court will readily be able to determine the issues presented in its CIPA Section 4 motion without any such submission by the defense, the government does not object to defense filing such a brief in this case.

14

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court grant the government permission to file its CIPA Section 4 motion <u>ex parte</u> for <u>in camera</u> review and deny the defendant's alternative request that the government be required to disclose the legal arguments it makes in any <u>ex parte</u> submission.


Dated:  Brooklyn, New York
        February 14, 2014

                                LORETTA E. LYNCH
                                United States Attorney
                                Eastern District of New York

                        By:   /s/ Zainab Ahmad
                              Zainab Ahmad
                              Hilary Ley Jager
                              Assistant U.S. Attorneys