# Federal Defenders
## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza - 16th Floor, Brooklyn, NY, 11201
Tel: (718) 330-1200  Fax: (718) 855-0760

David E. Patton
Executive Director and
Attorney-in-Chief

Eastern District
Peter Kirchheimer
Attorney-in-Charge

April 7, 2014

Filed by ECF
The Honorable John Gleason
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:      United States v. Babafemi, 13-CR-109 (JG)

Judge Gleason:

I write to request that this Court unseal limited portions of the transcripts from the Grand Jury proceedings in this matter.[1]  Federal Rule of Criminal Procedure 6(e)(3)(E) allows for the disclosure of grand jury materials "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."

I am requesting transcripts from the general charge and instructions at the impanelment of the Grand Jury that indicted Mr. Babafemi because they are necessary to—and form the basis for—a motion to dismiss the indictment.  More specifically, I believe the instructions improperly prohibited the Grand Jury from considering the wisdom of the laws and the issue of punishment, and limited the Grand Jury's discretion to decline to indict in the presence of probable cause.[2]  I also believe the proceedings surrounding the impanelment were flawed because prosecutors were likely permitted to substantively instruct the Grand Jurors regarding their role and duties.

---

[1]      Government counsel informed me that it opposes this request.

[2]      This belief is based on my review of transcripts that were unsealed pursuant to a similar motion in United States v. Chin Chong, 13-CR-570 (JBW).

This request is limited in scope and would not reveal any sensitive information.  I am only seeking transcripts from the general charge and impanelment of the Grand Jury.  I am not yet requesting any case-specific transcripts relating to evidence presented to the Grand Jury. Moreover, I would stipulate to the redaction of any information that is not relevant to Mr. Babafemi's motion to dismiss.

In sum, because these limited transcripts are necessary to Mr. Babafemi's motion to dismiss the indictment, they should be unsealed.

Very truly yours,

Chase Scolnick

Chase Scolnick
Assistant Defender