**C/M**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                         :

  UNITED STATES OF AMERICA,         :

                                          :     **ORDER**

                                        :

            - against –           :     13-cr-0109 (BMC)

                                        :     20-cv-3384 (BMC)

  LAWAL BABAFEMI,             :

                  Defendant.    :

                                          :

                                          :
-------------------------------------------------------------X

**COGAN**, District Judge

Before me is defendant's motion for reconsideration of my Order, dated March 31, 2021, denying his motions for habeas relief under 28 U.S.C. § 2255.[1]  For the reasons described below, the motion is denied.[2]

I previously denied defendant's motions for two reasons.  First, defendant's claims were all time barred, and he did not demonstrate a basis for equitable tolling.  Defendant asserted actual innocence, but the only new evidence he produced was an unreliable, conclusory, and self-serving affidavit.  See Schlup v. Delo, 513 U.S. 298, 324-27 (1995).  His affidavit directly contradicted his prior statements to Judge Gleeson at his plea hearing, in a lengthy presentence letter, and at sentencing.  I thus found the material parts of the affidavit incredible in light of the contradictions in his testimony and the detailed declaration of his former attorney.  Second, I concluded that defendant's claims failed on

---

[1] That Order also denied defendant's motions for compassionate release pursuant to 18 U.S.C. § 3582(c), but he does not seek reconsideration as to those motions.

[2] Although defendant is represented by counsel, it appears that he prepared and submitted this motion without counsel's assistance.

the merits, even without regard to the statute of limitations problem.  Defendant could not establish an ineffective assistance of counsel claim, and his remaining claims were even less substantial.

On reconsideration, defendant fares no better.  A motion for reconsideration under Rule 60(b) is addressed to the "sound discretion of the district court" and is generally granted only upon a showing of exceptional circumstances.  Mendell v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990), aff'd, 501 U.S. 115, 111 (1991).  These circumstances will "rarely occur in the habeas context."  Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).  The standard for granting such a motion is "strict," and reconsideration will be denied unless the moving party can point to controlling decisions or data that the court overlooked that might reasonably be expected to alter the conclusion reached by the court.  Shrader v. CSX Trans., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

On reconsideration, defendant asserts only that his guilty plea was constitutionally deficient because Judge Gleeson "misinformed" him about the nature of the offense to which he pleaded guilty.  Specifically, he claims the court failed to inform him that the government would have to prove at trial that he knew al-Qaeda is a designated terrorist organization.  This claim was not raised in his original § 2255 motion, filed *pro se*, nor in his supplemental § 2255 motion, filed with assistance of counsel.  Accordingly, defendant's argument does not provide a basis for reconsidering the Court's Order.  See Image Processing Techs., LLC v. Canon Inc., No. 10-CV-3867, 2012 WL 253097, at *1 (E.D.N.Y. Jan. 26, 2012) ("a party is not permitted to 'advance new facts, issues or arguments not previously presented to the Court' on a motion for reconsideration").

2

In any event, this claim, like his other claims, is time barred and has no merit. At the plea hearing, Judge Gleeson explained to defendant that the government would have to prove beyond a reasonable doubt that defendant conspired to provide (Count 1) and actually provided or attempted to provide (Count 2) material support to a foreign terrorist organization, specifically al-Qaeda in the Arabian Peninsula, and that it "wasn't by accident or mistake" but was "knowingly." Even if there was any error in not breaking down for defendant that the "knowledge" the government must prove applies to each element of the crime – including defendant's knowledge that al-Qaeda is a foreign terrorist organization – defendant has not demonstrated that, but for the error, he would not have entered the plea, and thus any error was harmless. See United States v. Lloyd, 901 F.3d 111, 122 (2d Cir. 2018).

Defendant does not claim that he lacked knowledge that al-Qaeda is a foreign terrorist organization. Instead, he claims that he "had neither previous nor current knowledge, at the time when I associated with those men in Yemen that they were neither [sic] a designated foreign terrorist organization or that they were engaged in terrorist activities or terrorism." This argument essentially claims that he entered into an agreement with and accepted money from al-Qaeda members by mistake. But, as described above, Judge Gleeson expressly informed defendant that the government would need to prove his actions were done "knowingly" and not as an "accident" or "mistake." Moreover, his affidavit, like the prior one, is not credible. It directly contradicts his prior statements at his plea hearing, in his presentence letter, and at his sentencing that he met with al-Qaeda in Yemen, joined al-Qaeda, and knew "the moment [he] left the Damaj

3

Institute along side Yahya, the Al-Qaida guy" that he had "made the worst decision of [his] life."

Defendant's motion is therefore denied.  His motion raises no substantial issue of constitutional law and therefore a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c).  Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Digitally signed by
Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
       April 21, 2021